DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from the judgment of the Wood County Court of Common Pleas, Domestic Relations Division, which granted appellee, Abby Striff, an extension on a civil protection order against appellant, Timothy Striff, to prevent appellant from stalking appellee. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} On October 24, 2001, by consent, the parties had entered into stalking civil protection order ("CPO"), whereby appellant agreed to have no contact with appellee and agreed to only call appellee in the event of an emergency regarding their minor children. The consent stalking CPO was to remain in effect until May 24, 2002, unless modified, vacated, or extended by order of the court. On May 10, 2002, appellee made a pro se request to the trial court to extend the CPO beyond May 24, 2002, and stated:
 {¶ 3} "Without this order I feel that the incidents will increase undoubtedly. My children and I need to feel safe in my house. Prior to this order, I was constantly watched, called, followed and harassed to the point that I feared for my physical safety. Please help to protect us from the severe level of stalking that led us to this protection order. Your granting of this extension is my only hope of my safe well being."
 {¶ 4} A hearing on appellee's motion was conducted by a magistrate in the trial court on May 24, 2002. At the hearing, appellee proceeded pro se. Appellee called Wayne Holskey as a witness. Holskey testified that prior to the commencement of the CPO, appellant pushed appellee during an altercation with Holskey. Holskey, however, testified that he had not been witness to any other events since the commencement of the CPO.
 {¶ 5} Appellee then testified on her own behalf that, despite the CPO, appellant had continually called her to criticize her regarding personal matters and to threaten her with court action should she not comply with his requests, and that appellant had come over to her house on one occasion. When asked by the court why she still needed the CPO, appellee responded that she needed the CPO to continue because of "[t]he continuing harassing phone calls," the almost daily threats that appellant is going to take her to court and call the police on Holskey, and because appellant had physically assaulted her two out of the last four times she had seen appellant in public. Albeit, the physical altercations occurred prior to the institution of the CPO.
 {¶ 6} Appellant testified that he had called appellee regarding the minor children, but denied ever making threatening remarks. Appellant also admitted to going to appellee's house on December 29, 2001, to drop skates off to their minor daughter.
 {¶ 7} The trial court found that the CPO clearly stated that appellant was not to have any contact with appellee. The trial court also found that, because appellant admitted to having contact with appellee, regardless of his intent, appellant violated the CPO. Insofar as appellee indicated that she was in fear for her safety on an ongoing basis, and that appellant had threatened appellee's friend, the trial court extended the CPO until May 24, 2006.
 {¶ 8} Appellant appeals the decision of the trial court and raises the following sole assignment of error:
 {¶ 9} "The Wood County trial court erred by renewing the anti-stalking order against the appellant when no evidence was brought forth at the May 24, 2002 hearing that would in any way justify the stalking order to be reissued." Specifically, appellant argues that appellee "failed to produce any evidence that she was in any way threatened or in fear of being harassed, stalked, or annoyed by appellant."
 {¶ 10} R.C. 2903.214 governs the issuance of stalking civil protection orders. In order to be entitled to a stalking CPO, appellee must have established, by a preponderance of the evidence, that appellant engaged in a violation of R.C. 2903.211, the menacing by stalking statute, against her. See Tuuri v. Snyder (April. 30, 2002), Geauga App. No. 2000-G-2325, 2002-Ohio-2107; and R.C. 2903.214(C). R.C. 2903.211(A) states that "[n]o person by engaging in a pattern of conduct shall knowingly cause another to believe that the offender will cause physical harm to the other person or cause mental distress to the other person."
 {¶ 11} As stated in R.C. 2903.211(D)(1) and (2), "`Pattern of conduct' means two or more actions or incidents closely related in time * * *" and "`Mental distress' means any mental illness or condition that involves some temporary substantial incapacity or mental illness or condition that would normally require psychiatric treatment." Based on the language in R.C. 2903.211(A), however, courts have held that a showing of actual mental distress is not a required element of menacing by stalking. Dayton v. Davis (1999), 136 Ohio App.3d 26, 32. As such, appellee only needed to establish that appellant knowingly caused her to believe he would cause her mental distress or physical harm. See Id.
 {¶ 12} Upon review of the record, we find that there was sufficient evidence to establish by a preponderance that appellant knowingly caused appellee to believe he would cause her mental distress or physical harm. Although there had been no additional physical altercations between the parties since the institution of the stalking CPO in October 2001, appellant admittedly continued calling appellee and went to her home. Appellant's behavior was clearly in violation of the terms of the stalking CPO, to which appellant agreed. Insofar as there was an existing CPO in place, appellant would have known that his continuing contact with appellee would cause her mental distress.
 {¶ 13} Accordingly, based on appellant's continual contact with appellee, despite an existing stalking CPO, appellant's past behavior, and appellee's motion and testimony wherein she indicated she was in continual fear of appellant's harassing behavior and needed protection therefrom, we find that the trial court did not err in continuing the terms of the stalking CPO. Appellant's sole assignment of error is therefore found not well-taken.
 {¶ 14} On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J., Richard W. Knepper, J., and George M.Glasser, J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.